IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| **v.** : | **Case No.: 22-947-LKG** |
| : | |
| : | |
| **$297,698.00 in U.S. Currency** : | |
| **$130,080.00 in U.S. Currency** : | |
| : | |
| **Defendant** : | |

**************

## ANSWER TO VERIFIED COMPLAINT FOR FORFEITURE

Claimant Martin Francois, by undersigned counsel, Christopher J. Purpura, Esq, Law Office of Purpura & Purpura, hereby files the following answer and demand for jury trial:

1. Paragraph 1 contains legal conclusions for which no response is required. To the extent that a response if required, Claimant denies that the defendant currency was involved in violations of the Controlled Substances Act and the anti-money laundering statute.

2. Claimant admits the allegation in paragraph 2.

3. Claimant admits the allegation in paragraph 3.

4. Paragraph 4 contains legal conclusions for which no response is required.

5. Paragraphs 5-7 do not have to be answered as they relate to jurisdiction and venue. To the extent that a response is necessary, Claimant admits that the Court has jurisdiction and venue over the property at issue in this proceeding.

6. Claimant denies that the defendant currency was furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substance Act, constituted proceeds traceable to such an exchange, or was used or intended to be used to

facilitate such violation. Claimant also denies that the defendant currency was involved in a transaction or attempted transaction involving proceeds of drug trafficking, in which the person conducting or attempting to conduct the transaction knew that the property was derived from some form of unlawful activity, and knew that the transaction was intended to promote drug trafficking as outlined in paragraphs 8-9.

7. With respect to the allegations outlined in the "Declaration" of DEA Special Agent Matthew Bryant, Claimant is without sufficient information to respond to the allegations contained in paragraphs 1-23 of said "Declaration."

**FIRST DEFENSE**

The complaint as to Claimant's property to which he has filed a claim fails to state a claim for which relief can be granted.

**SECOND DEFENSE**

The Government lacks proof by a preponderance of the evidence that the property subject to a claim by the Claimant is subject to forfeiture.

**THIRD DEFENSE**

There is no substantial connection between the property and the offense(s).

**FOURTH OFFENSE**

Searches and seizures of the property at issue in this case violated the Fourth Amendment of the United States Constitution and/or the Due Process Clause of the Fifth Amendment of the Constitution and all of the seized evidence and fruits thereof including statements and derivative evidence must be suppressed.

**FIFTH DEFENSE**

Claimant is an innocent owner of the property and entitled to its return.

**SIXTH DEFENSE**

Claimant is entitled to the return of property which was held by the Government beyond the time periods permitted by 18 U.S.C. Section 983 without adequate notice being provided.

**SEVENTH DEFENSE**

The complaint fails to plead facts with sufficient specificity sufficient to meet the requirement of law.

**EIGHTH DEFENSE**

The forfeiture is grossly disproportional to the gravity of the offense(s) giving rise to the forfeiture.

**NINTH DEFENSE**

The forfeiture is precluded by the Double Jeopardy Clause of the U.S. Constitution.

**TENTH DEFENSE**

The complaint is barred by the doctrine of unclean hands.

**RESERVATION OF RIGHTS**

Claimant reserves the right to assert additional affirmative defenses or amend these defenses as discovery warrants.

**WHEREFORE,** Claimant Martin Francois asks this Court to dismiss the complaint in this case, enter judgment on behalf of Claimant, award costs and attorney's fees to Claimant pursuant to law, order the immediate return of the subject property, including but not limited to being free of any liens or encumbrances imposed by the Government, and provide such relief as the Court deems proper and just.

Respectfully submitted,

_____/s/_____
Christopher J. Purpura
The Law Office of Purpura & Purpura
8 E. Mulberry Street
Baltimore, Maryland 21202
410-727-8550
cpurpura@purprualaw.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Claimant Martin Francois demands a trial by jury of any issues triable of right by a jury.

_____/s/_____
Christopher J. Purpura

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of August 2022, a copy of the foregoing Answer was sent to counsel for the Government via CM/ECF.

_____/s/_____
Christopher J. Purpura

.